J-S19016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHN VENERI | |
| Appellant | No. 1803 EDA 2014 |

Appeal from the PCRA Order June 11, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003526-1978
CP-23-CR-0003713-1978

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 21, 2015**

Anthony John Veneri ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On January 31, 1979, a jury convicted Appellant of two robberies and related offenses.  The trial court sentenced Appellant to 25 to 50 years' incarceration to be served consecutively to a previously imposed sentence for another armed robbery conviction in Missouri.  This Court affirmed Appellant's judgment of sentence on November 19, 1982.  **See Commonwealth v. Veneri**, 452 A.2d 784 (Pa.Super.1982).

Appellant filed the instant PCRA petition, his twelfth, on April 26, 2012. The petition did not plead or prove one of the timeliness exceptions, and the PCRA court issued a Pa.R.Crim.P. 907 notice on July 17, 2012.  Appellant

responded with multiple filings.[1] On July 17, 2013, the PCRA granted

Appellant leave to amend his PCRA petition, to which he again responded

_____

[1] Appellant's eighteen (18) post-Rule 907 notice filings included:

(1) "Motion to Amend PCRA Petition to Address Timeliness" dated 7/27/12;

(2) A letter received 8/9/12 stating that he wished to be appointed an attorney and if he was ordered to be present for a PCRA hearing that he would refuse as he was busy doing legal work;

(3) "Motion for Release from State Custody" dated 8/15/12;

(4) "Notice of Intent to Dismiss Defendant's Motion for Post-Conviction Collateral Relief Without a Hearing in Twenty (20) Days" dated 8/21/12;

(5) "Motion to Amend PCRA Petition" dated 8/22/12;

(6) "Motion to Compel the Trial Court to Rule and Decide on Petitioner's Post Conviction Collateral Relief" dated 8/21/12;

(7) "Motion for Petition of Writ of *Habeas Corpus*" based upon a claim that "the trial court lacked jurisdiction to prosecute petitioner's cases" dated 9/6/12';

(8) A letter to the court dated 9/20/12 asserting that the Petitioner should be released from state custody based upon ineffective assistance of counsel;

(9) "Petition for a Writ of *Habeas Corpus* Action and For an Appointment of Counsel" filed 12/26/12;

(10) A letter to the court dated 1/16/13 reasserting claims raised in Petitioner[']s PCRA petition;

(11) A letter to the court filed with the Office of Judicial Support on 2/7/13;

(12) "Petition to Supplement Petitioner's Motion for Post Conviction Collateral Relief" filed 2/14/13 in which he claimed

*(Footnote Continued Next Page)*

with multiple filings.[2]  Ultimately, the PCRA court dismissed the petition as untimely on June 11, 2014.  Appellant filed a notice of appeal on June 19, 2014.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, and Appellant did not file

---

*(Footnote Continued)* ─────────────

that he was not read his Miranda warnings and was given pizza and beer by the police in return for a confession in the instant case.  He claims ineffective assistance of counsel for failing to explore these allegations at the time of trial;

(13)  "Supplement to the Memorandums of Laws in the Petition for a Writ of *Habeas Corpus*" filed 3/5/13;

(14)  A letter to the court dated 3/1/13;

(15)  A letter to the court dated 4/1/13;

(16)  "Declaration in Support of Motion to Proceed *In Forma Pauperis*" filed 5/13/13;

(17)  "Petition for Sentence Reduction" filed 5/13/13;

(18)  A letter to the court dated 6/11/13.

Delaware County Court of Common Pleas Docket No. CP-23-CR-0003526-1978, pp. 5-7; *see also* PCRA Court Memorandum and Order, July 17, 2013, pp. 1-2.

[2] After the PCRA court's July 17, 2013 order granting leave to file an amended petition to address the timeliness of his petition, Appellant filed no less than two Amended PCRA petitions, five supplemental PCRA petitions, a "Petition for Extraordinary Circumstances for Release from State Custody Under the King's Bench Rule", a "Pro-Se Petition for Default Judgment or Release from State Custody", a "Pro Se Petition Demanding Release from Illegal Confinement at SCI Fayette", and at least four other petitions for writs of *habeas corpus*, mandamus, etc.  *See* Delaware County Court of Common Pleas Docket No. CP-23-CR-0003526-1978, pp. 7-8.

one.[3]  The PCRA court filed its Pa.R.A.P. 1925(a) opinion on November 13, 2014.

Appellant raises the following issues for review:

1. Whether[] the trial court lacked jurisdiction to prosecute Appellant's case[]s?

2. Whether[] the bills of informations [sic] were void in limine [sic]?

3. Whether[] the Appellant had ineffective assistance of counsel?

Appellant's Brief, p. 2 (all capitals omitted).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition.  "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1).  "This time

---

[3] Although he did not file a formal 1925(b) statement, Appellant did continue to file documents after the June 19, 2014 notice of appeal, including multiple petitions to vacate sentence, and multiple requests for writs of *habeas corpus*, mandamus, and an "extraordinary writ" from the Supreme Court of the United States.

requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing* *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the PCRA time bar are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also* *Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The

petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final over 30 years ago, in 1983. Accordingly, the instant petition, filed in 2012, is facially untimely. Thus, Appellant must plead and prove that his petition falls under

one of the Section 9545 exceptions set forth in the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant's PCRA petition did not allege a PCRA exception. None of his 18 filings following the PCRA court's 907 notice alleged a timeliness exception. Likewise, none of his multiple filings following the PCRA court's July 17, 2013 order granting him permission to amend his petition alleged an exception.

Appellant's brief states:

5. One year time limitation, which allowed "untimely" claims when facts were unknown, see case; ***Com. v. Pursell***, 749 A.2d 911 [(Pa.Super.] 2000); ***Com. v. Austin***, 721 A.2d 375 ([Pa.Super.]1998).

Also see case; ***Com. v. Lark***, 746 A.2d 585 [(Pa.Super.] 2000); this case involved a situation where the facts upon which the claims were based, []<u>were not known to the petitioner</u> and could not have been discovered by him, until petition was on appeal.

Appellant's Brief, pp. 5-6. To the extent this statement can be construed as an attempt to raise the "after-discovered evidence" exception, Appellant waived this claim by not raising it in his PCRA petition.[4] Further, the statement does not allege any fact that Appellant claims he could not have ascertained through the exercise of due diligence. Finally, it does not meet

---

[4] It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). As with direct appeals, this axiom applies in PCRA appeals where an appellant did not raise the claims before the PCRA court. ***Commonwealth v. Lambert***, 797 A.2d 232, 240-41 (Pa.2001).

the heightened standard for second or subsequent PCRA petitions, as it does not implicate his actual innocence or raise the possibility that the proceedings resulting in his conviction were so unfair as to represent a miscarriage of justice. **See Williams**, **supra**. Accordingly, the petition remains time-barred.

Because Appellant's instant PCRA petition is patently untimely and Appellant cannot avail himself of any of the PCRA's time bar exceptions, the PCRA court did not err in denying this claim as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015