J-S43043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DAVID ALLEN HELSEL :
:
Appellant : No. 315 WDA 2018

Appeal from the PCRA Order February 9, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001679-2009

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 14, 2018**

Appellant David Allen Helsel appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant asserts that he is entitled to PCRA relief because he was illegally sentenced to consecutive terms of imprisonment for attempted rape of a child and attempted rape by forcible compulsion based upon the same incident involving a single victim.  We affirm.

This Court previously summarized the relevant background of this matter:

> On June 19, 2009, Helsel came upon several juveniles in a cemetery in Altoona.  Posing as a cemetery employee, he informed them that there had been reports that they were knocking over headstones.  The teens denied committing any acts of vandalism.  After a brief physical altercation with one of the

---

[1] 42 Pa.C.S. §§ 9541-9546.

males, Helsel separated the two females from the group—M.B., age 12, and L.G., age 15—by telling them they had to come with him to the owner's house. He led them, holding them by the wrists for part of the way. The girls stated they did not run when Helsel released his grip because they were afraid. Upon reaching a wooded area, Helsel drew a knife and informed the girls he wanted to touch them all over their bodies. Fearing he would hurt them, the victims negotiated with Helsel, eventually agreeing that he could rub his penis against each of their backsides, and then they would be free to go. He engaged in this behavior with L.G. and then with M.B. Helsel told M.B. he wanted to have sex with her, and the victims tried to run away. At that, Helsel grabbed M.B. by the hair and pulled her further into the woods. While in the woods, Helsel attempted to take off M.B.'s shorts and to spread her legs, while M.B. fought to stop him.

L.G. ran to a nearby building that happened to be hosting a meeting of the Fraternal Order of Police. She informed police what had happened, and Patrolman Shaun McCready and Patrolman (now Corporal) Michael Sapienza went in search of M.B. and Helsel. Patrolman McCready heard a girl screaming, and upon reaching a cut-in that led into the woods, he saw M.B. sitting with her back facing him and Helsel standing directly in front of her. He drew his weapon and told Helsel to get on the ground, at which Helsel fled. As the police ran after him, M.B. shouted that Helsel raped her. According to Corporal Sapienza, who came to the clearing immediately after Patrolman McCready, M.B. was naked from the waist down.

Multiple officers responded to assist in the search for Helsel. Corporal Sapienza apprehended him near the wood line at 15th Street and Bell Avenue; Helsel was found hiding under a pile of leaves, dirt and branches. A search incident to arrest revealed a knife in Helsel's pocket.

At the police station, the police gave Helsel his Miranda warnings, which Helsel waived and provided a statement wherein he reportedly admitted, in a recorded statement, that he attempted to have sex with M.B. in the woods. Fingernail scrapings were taken from M.B. that matched Helsel's DNA profile.

Helsel was charged with 37 counts of various crimes. A three-day jury trial ensued, and Helsel testified in his own defense. He denied all of the allegations against him, instead stating that he happened upon the group of teens hanging out in the cemetery

- 2 -

and joined them. He indicated that there was discussion about purchasing marijuana by the group, and that he accompanied M.B. and L.G. to make the purchase. He became separated from the girls, and upon hearing police sirens, he walked over to see what was going on, at which point he was arrested. According to Helsel, the police struck him several times and intimidated him, which caused him to provide the aforementioned admission.

*Commonwealth v. Helsel*, 1962 WDA 2012, 2013 WL 11253727, at *1-2 (Pa. Super. filed Sept. 16, 2013).

On January 20, 2011, a jury convicted Appellant of attempted rape by forcible compulsion, attempted rape of a child,[2] and multiple other offenses. Because Appellant had two prior convictions of rape, the sentencing court sentenced Appellant as a third-strike sexual offender, ordering him to be imprisoned for life pursuant to 42 Pa.C.S. § 9718.2(a)(2). On direct appeal to this Court, we held that Appellant should have been sentenced as a second-strike offender, noting that "[a]lthough this is his third conviction of a crime that requires him to register as a sexual offender resulting from three separate criminal transactions, because he served a single prison term for the first two convictions, he only had one opportunity to reform, not two." *Commonwealth v. Helsel*, 53 A.3d 906, 917 (Pa. Super. 2012).

On remand, the trial court sentenced Appellant to an aggregate sentence of 73 to 146 years of incarceration. Appellant took a direct appeal of his re-sentencing. Appellant asserted that his overall sentence was excessive and that the sentencing court imposed an illegal sentence when it

_____

[2] *See* 18 Pa.C.S. §§ 901, 3121(a)(1), (c).

- 3 -

ordered him to serve consecutive terms of twenty-five to fifty years of incarceration for each of attempted rape of a child and attempted rape by forcible compulsion. **Helsel**, 2013 WL 11253727, at *4.

This Court affirmed Appellant's re-sentencing, holding that the sentence was legal because "rape by forcible compulsion and rape of a child each includes an additional element not included in the other." **Id.** at *6. As to the alleged excessiveness of the sentence, this Court determined that the sentencing court imposed individualized sentences for Appellant's convictions and Appellant demonstrated no abuse of discretion. **Id.** at *7. The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on March 12, 2014. **Commonwealth v. Helsel**, 87 A.3d 318 (Pa. 2014).

Appellant filed a *pro se* first PCRA petition, docketed on May 7, 2015, and the PCRA court appointed counsel. Thereafter, on November 24, 2015, at Appellant's request, counsel withdrew Appellant's first PCRA petition. **See** Order, 12/1/15.

Appellant filed a "Motion for Modification of Sentence," which was docketed on September 11, 2017. Appellant also filed the instant *pro se* PCRA petition, his second, which was docketed on December 18, 2017.[3] By order

---

[3] We note that although Appellant withdrew his first PCRA petition, the petition giving rise to this appeal is nevertheless a second PCRA petition. **See Commonwealth v. Rienzi**, 827 A.2d 369 (Pa. 2003) (indicating that when a first PCRA petition has been withdrawn, a subsequent petition does not relate back to the first petition and is considered to be a second PCRA petition).

dated January 3, 2018, the PCRA court allowed Appellant thirty days to refile his motion to modify sentence, since it was based on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),[4] but lacked specificity. Appellant did not refile his motion to modify sentence.

On January 5, 2018, the PCRA court issued a notice of its intent to dismiss Appellant's second PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response, docketed January 29, 2018, in which Appellant asked for "leeway" in allowing his untimely second PCRA petition to proceed. Appellant's Obj. to Proposed Dismissal, 1/29/18, at 1 (unpaginated). The PCRA court found no genuine issues of material fact and dismissed Appellant's petition on February 9, 2018.

_____

Additionally, we note that counsel was not formally appointed for the instant second PCRA petition. Appellant has attached a letter to his appellate brief from counsel for his first petition indicating that the attorney believed he was representing Appellant regarding the instant second petition. However, the PCRA court did not enter an order appointing counsel, and the PCRA court and Appellant proceeded as if Appellant were *pro se*, including Appellant's timely filing of his notice of appeal and concise statement of errors complained of on appeal. Moreover, Appellant does not raise an issue on appeal regarding his lack of representation. Since this matter involves a second PCRA petition, Appellant is not automatically entitled to counsel. **See Commonwealth v. Austin**, 721 A.2d 375, 379 n.4 (Pa. Super. 1998). Accordingly, we find no error in permitting Appellant to proceed *pro se* in this matter.

[4] **Muniz**, decided on July 19, 2017, held that retroactive application of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, violates the federal and state *ex post facto* clauses. **Muniz**, 164 A.3d at 1193. SORNA took effect upon the expiration of Megan's Law III, its predecessor statute, on December 20, 2012. SORNA was amended in response to **Muniz**. **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10) (codified, in part, in 42 Pa.C.S. §§ 9799.51-9799.75).

Appellant filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court complied with Pa.R.A.P. 1925(a).

Appellant raises three questions for our review, which we have reordered as follows:

1. Was Appellant properly sentenced on the charges of criminal attempt of rape [of a child] and criminal attempt of rape by forcible compulsion?

2. Did [the] trial court sentence Appellant twice for substantially [] the same offense on the attempt charges?

3. Did [the] trial court exercise proper discretion in sentencing Appellant to 7[3] – 1[46] years?

Appellant's Brief at 5.

Our standard of review of the denial of a PCRA petition is well-settled. We "review[] the PCRA court's findings of fact to determine whether they are supported by the record, and review[] its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Exceptions to the timeliness requirement exist, however, as set forth at 42 Pa.C.S. § 9545(b). The timeliness requirements of the PCRA are jurisdictional in nature, and, thus, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). The petitioner bears the burden of proving

that an untimely petition fits into one of the three exceptions. ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012). Further, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

The three statutory exceptions for a facially untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's petition is untimely on its face, and Appellant does not attempt to invoke any timeliness exception that would provide this Court with jurisdiction to consider the merits of his claims, including his legality of sentence issues. ***See Robinson***, 837 A.2d at 1161; ***Fahy***, 737 A.2d at 223.

Thus, the PCRA court properly dismissed Appellant's claims without a hearing.[5]

*See Spotz*, 84 A.3d at 311.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2018

---

[5] Even if Appellant had properly pled a timeliness exception, his issues raised in this appeal were previously litigated. *See* 42 Pa.C.S. § 9545(a)(3) (providing that to be eligible for PCRA relief, a petitioner must plead and prove that, *inter alia*, "the allegation of error has not been previously litigated"); *see also Helsel*, 2013 WL 11253727.