J-S23034-24

2024 PA Super 297

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| BRANDON KEYS | : | |
| | : | |
| Appellant | : | No. 2754 EDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101352-1996

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| BRANDON KEYS | : | |
| | : | |
| Appellant | : | No. 2755 EDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101361-1996

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| BRANDON KEY | : | |
| | : | |
| Appellant | : | No. 2756 EDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101372-1996

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |

BRANDON KEYS : :

Appellant : No. 2757 EDA 2023

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101382-1996

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

v. :

BRANDON KEYS :

Appellant : No. 2758 EDA 2023

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101392-1996

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

v. :

BRANDON KEYS :

Appellant : No. 2759 EDA 2023

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101401-1996

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

OPINION BY COLINS, J.: **FILED DECEMBER 13, 2024**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, referred to both as Brandon Keys and Brandon Key, appeals from the order of the Philadelphia County Court of Common Pleas, dismissing his untimely third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* Upon review, we affirm.

On October 21, 1997, Appellant proceeded to be tried before a jury and was found guilty of: (1) simple assault at CP-51-CR-1101352-1996;[1] (2) attempted murder and aggravated assault at CP-51-CR-1101361-1996;[2] (3) simple assault, recklessly endangering another person, and fleeing or attempting elude a police officer at CP-51-CR-1101372-1996;[3] (4) attempted murder, aggravated assault, carrying firearms without a license, carrying a firearm on public streets or public property in Philadelphia, and possessing an instrument of crime at CP-51-CR-1101382-1996;[4] (5) burglary and simple assault at CP-51-CR-1101392-1996;[5] and (6) simple assault at CP-51-CR-1101401-1996.[6]

On December 9, 1997, the trial court sentenced Appellant to an aggregate prison term of seventeen and one-half to thirty-five years'

_____

[1] 18 Pa.C.S. § 2701.

[2] 18 Pa.C.S. §§ 901/2502 and 2702.

[3] 18 Pa.C.S. §§ 2701 and 2705, and 75 Pa.C.S. § 3733, respectively.

[4] 18 Pa.C.S. §§ 901/2502, 2702, 6106, 6108, and 907.

[5] 18 Pa.C.S. §§ 3502 and 2701.

[6] 18 Pa.C.S. § 2701.

imprisonment. After a grant of relief on a post-sentence motion for reconsideration of sentence, the trial court reimposed the same aggregate sentencing scheme, though it reconfigured the sentences on each individual count. Thereafter, Appellant's trial counsel was permitted to withdraw from representation and newly appointed counsel represented Appellant during argument on a post-sentence motion for a new trial. On March 17, 1998, the trial court denied that motion. Appellant did not file a direct appeal.

On June 17, 1999, Appellant filed a *pro se* PCRA petition, seeking reinstatement of his direct appeal rights *nunc pro tunc*. Counsel was appointed and filed an amended PCRA petition. Appellant thereafter waived his right to counsel and proceeded *pro se*. After the issuance of a dismissal notice pursuant to Pa.R.Crim.P. 907 and responsive objections from Appellant, the PCRA court dismissed the petition as untimely on November 20, 2002. We affirmed on April 21, 2004, and denied a petition for reargument on June 23, 2004. *Commonwealth v. Key*, 855 A.2d 133 (Pa. Super. 2004) (table) (3832 EDA 2002). On April 19, 2005, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Key*, 872 A.2d 1198 (Pa. 2005) (table) (354 EAL 2004).

On October 29, 2008, Appellant filed, *pro se*, a second PCRA petition. After the issuance of a Rule 907 dismissal notice, Appellant filed *pro se* objections to the dismissal notice and a motion seeking copies of crime scene photographs and leave to amend his petition. On June 5, 2009, the PCRA court dismissed the petition as untimely. We affirmed the dismissal and

denied an application for remand on March 29, 2010, and denied a petition for reargument on June 3, 2010. **Commonwealth v. Key**, 998 A.2d 994 (Pa. Super. 2010) (table) (1929 EDA 2009). On November 16, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Key**, 12 A.3d 751 (Pa. 2010) (table) (374 EAL 2010).

On March 29, 2022, Appellant filed, *pro se*, his instant third PCRA petition. He alleged claims of ineffective assistance of counsel and "[a] violation of the Constitution of this Commonwealth or the constitution or laws of the United States, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," based on his post-trial attorneys' alleged abandonment of him. *Pro Se* Third PCRA Petition, 3/29/22, §§ 4, 6. He alleged:

> In 1998, my post-trial counsel … abandoned me on appeal. I raised this claim in my 1st PCRA (1999-2000) and 2nd PCRA (2007-10), but the PCRA court and the Superior Court violated my rights to due process and equal protection by refusing to consider my evidence and issuing unsupported findings.
>
> …
>
> Trial counsel was ineffective for failing to consult with me before conceding that I pointed a gun at some police officers and fired at others. Two post-trial counsel were ineffective for abandoning me on appeal.

*Id.* at § 6(A), (C). In the sections of the petition where he could have raised any arguments for the applicability of statutory exceptions to the PCRA's

- 5 -

jurisdictional time-bar, Appellant indicated that the time-bar or its exceptions were not applicable by indicating: "N/A – I'm making an as-applied constitutional challenge. I <u>did</u> raise this claim earlier. The courts refused to consider my evidence." ***Id.*** at § 5 (underlining in original); ***see also id.*** at § 15, ***citing Commonwealth v. Copenhefer***, 941 A.2d 646, 651 n.1 (Pa. 2007) (Saylor, J., concurring); ***Commonwealth v. Bennett***, 930 A.2d 1264, 1273 (Pa. 2007).

On July 28, 2023, the PCRA court issued a Rule 907 dismissal notice, informing Appellant that it was dismissing his petition as untimely where he failed to invoke any exception to the PCRA's time-bar provision at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Rule 907 Notice, 7/28/23, 1. On August 8, 2023, Appellant filed a response to the dismissal notice that included a request for leave to file an amended PCRA petition. He maintained that the PCRA court was committing an error by finding an as-applied constitutional challenge to the PCRA to be time-barred and requested leave to file an amended PCRA petition because he was unable "to include all the facts and legal authority necessary to support [his] timeliness argument" in his form petition. Response to Rule 907 Notice, 8/8/23, ¶¶ 2-5. On September 22, 2023, the PCRA court dismissed the petition as untimely. Order, 9/22/23, 1. Appellant timely filed notices of appeal in each of his underlying criminal cases. Notices of Appeal, 10/16/22, 1.

Appellant presents the following questions for our review:

1. Is the PCRA court's ruling factually unsupported and legally erroneous where the court found that I did *not* make a timeliness argument, and where the court failed to perceive that the PCRA's three statutory timeliness exceptions are not the *only* means of overcoming the PCRA's time-bar?

2. Did the PCRA court commit legal error by failing to rule upon my request for leave to amend my PCRA petition?

Appellant's Brief at 3 (unnecessary capitalization removed; italicization in original).

Appellant argues in his first issue that the PCRA court could not apply the PCRA's time-bar provision to his underlying petition because, during his prior PCRA proceedings, his rights to due process and equal protection were violated where the PCRA court and this Court supposedly "refus[ed] to consider [his] evidence and issu[ed] unsupported findings." Appellant's Brief at 5-6, 8-10. He characterizes his "as-applied constitutional challenge" to the application of the PCRA's time-bar as "a viable form of timeliness argument." *Id.* at 8. In support of his time-bar exclusion claim, he relies, as he did below, on **Commonwealth v. Copenhefer**, 941 A.2d 646, 651 n.1 (Pa. 2007) (Saylor, J., concurring), and **Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007). Appellant's Brief at 10. Appellant asserts that the PCRA court's dismissal of his petition on timeliness grounds demonstrates that the court ignored his response to the Rule 907 dismissal notice, addressing his attempt to raise an as-applied constitutional challenge to the time-bar, and violated his due process rights. *Id.* at 11-12.

In reviewing the denial of PCRA relief, we are "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

The PCRA court found that Appellant's instant petition was untimely and unreviewable because Appellant failed to plead and prove the applicability of any statutory exception to the PCRA's jurisdictional time-bar. It did not address Appellant's as-applied constitutional challenge to the application of the time-bar. Appellant does not dispute the untimeliness of his petition and instead argues that the time-bar may not be applied so long as he has presented an as-applied constitutional challenge to it. He thus argues that the PCRA court committed error by simply dismissing on the basis of lack of jurisdiction due to the time-bar. Appellant's Brief at 12 ("Overall, the PCRA [c]ourt committed legal error by failing to recognize that the PCRA's three statutory timeliness exceptions are not the *only* means of overcoming the time-bar.") (italicization in original).

The PCRA requires that all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless an enumerated statutory exception applies. 42 Pa.C.S. § 9545(b)(1). For an exception to apply, a petitioner must: (1) plead and prove the applicability of one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from when the claim could have been presented. 42 Pa.C.S. § 9545(b)(1)-

(2). A judgment of sentence becomes final at the end of direct review or the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). Appellant's judgments of sentence became final on April 16, 1998, when the thirty-day appeal period expired for seeking direct review with this Court, and thus pursuant to Section 9545(b)(1), Appellant only had until April 16, 1999, to file a timely PCRA petition. His instant petition filed on March 29, 2022, was well beyond that deadline.

The PCRA's timeliness requirements are jurisdictional in nature. *See Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021); *see also Commonwealth v. Derrickson*, 923 A.3d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have legal authority to address the substantive claims" raised within an untimely PCRA petition) (citation and quotation mark omitted). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Moreover, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

The first legal issue before us is whether Appellant could receive substantive review of an as-applied constitutional challenge to the application of the time-bar based on the supposed unconstitutional review of his former untimely PCRA petitions. Appellant suggests that this type of claim can be reviewed independent of the jurisdictional time-bar.

- 9 -

As an initial matter, we note that Appellant raised an identical claim seeking to avoid the application of the time-bar on the same basis in a prior unrelated appeal from the dismissal of an untimely PCRA petition. Another member of this panel, while rejecting the claim in that appeal, noted: "Appellant attempts to circumvent the PCRA's timeliness requirement by arguing that the statute is unconstitutional as applied to him because the courts failed to 'follow precedent.' We disagree. We know of no authority that permits a PCRA petitioner to evade the timeliness requirements of the PCRA by asserting a court's failure to 'follow precedent.'" *Commonwealth v. Key*, 2024 WL 726888, *3 (Pa. Super., filed Feb. 22, 2024) (memorandum opinion). While that memorandum opinion may be cited for only its persuasive value pursuant to Pa.R.A.P. 126(b)(2), we agree with its rejection of Appellant's claim.

To embark on substantive review on Appellant's as-applied constitutional challenge to the time-bar, without satisfaction of Appellant's burden to plead and prove the applicability of a statutory time-bar exception, would improperly permit the establishment of an equitable exception to the time-bar. To the contrary, our Supreme Court has noted: "The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citation omitted); *see also Commonwealth v. Anderson*, 234 A.3d 735, 738 (Pa. Super. 2020) (*quoting Jones*). As claims alleging violations of the Pennsylvania Constitution or the Constitution of the United

States are within the ambit of cognizable review under the PCRA, **see** 42 Pa.C.S. § 9543(a)(2)(i), Appellant would need to plead and prove an applicable statutory time-bar exception for his claim, otherwise the PCRA court or this Court would not have jurisdiction to review his substantive claim.

In any event, Appellant's citations in support of his claim do not support his attempt to evade the application of the PCRA's time-bar. In the concurring opinion Appellant cites in **Copenhefer**, former Justice Saylor agreed with a majority of our Supreme Court that the PCRA petitioner in that case did not meet the requirements of one of the statutory time-bar exceptions and then, writing separately, reviewed an as-applied challenge to the application of the time-bar to the petitioner. To explain the reason for that additional level of review, Justice Saylor included the following footnote cited by Appellant: "Recently a majority of the Court reaffirmed that the timing provisions of the PCRA are subject to as-applied constitutional challenges based on claims of unreasonable application." **Copenhefer**, 941 A.2d at 651 n.1, **citing Bennett**, 930 A.2d at 1273.

In **Bennett**, which Justice Saylor referred to as the basis for conducting his review of an as-applied constitutional challenge to the application of the time-bar, the Supreme Court did not discover any new unenumerated statutory exceptions to the PCRA's time-bar. Instead, it held that the discovery of a basis for alleging the abandonment of prior counsel could be sufficient to invoke the newly discovered fact exception found at Section 9545(b)(1)(ii). **Bennett**, 930 A.2d at 1275.

Appellant refers to the following sentence in **Bennett** as supporting his claim: "While we have declared the PCRA to be constitutional generally … this does not mean that it is constitutional as applied to all petitioners." Appellant's Brief at 9, **citing Bennett**, 930 A.2d at 1273.[7]  In making this observation, the Supreme Court of Pennsylvania was not carving out an additional exception to the PCRA's time-bar.  Instead, it was simply acknowledging that the procedural due process protections for a PCRA petitioner are "less stringent" than for a criminal defendant in other contexts.  The observation cited by Appellant is within the following discussion elaborating on that point:

> There is no federal constitutional mandate requiring collateral review.  It is not part of the criminal process, and is, in fact, civil in nature.  Therefore, under the Fourteenth Amendment to the United States Constitution, the procedural due process protections are less stringent than for purposes of either a criminal trial or direct appeal.  Nevertheless, due process requires that the post conviction process be fundamentally fair.  Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

**Bennett**, 930 A.2d at 1273 (citations omitted).

**Bennett** did not carve out a new equitable PCRA time-bar exception for as-applied constitutional challenges to the PCRA.  To the extent that it referred to the nature of cognizable as-applied constitutional challenges that may be made with respect to the PCRA, it observed that the nature of those claims are limited to the deprivations of a petitioner's opportunity to present claims

_____

[7] In citing this sentence, Appellant adds the word "time-bar" in brackets after the word PCRA.  Appellant's Brief at 9.

"at a meaningful time and in a meaningful manner." *Id.*, 930 A.2d at 1273. That discussion has no relevance to the brief arguments made in Appellant's PCRA petition. There, Appellant did not allege a deprivation of his ability to present any claims. Instead, he merely alleged that the prior PCRA courts and this Court in his prior stages of collateral review had "refus[ed] to consider [his] evidence and issu[ed] unsupported findings" and that his prior counsel had been ineffective. *Pro Se* Third PCRA Petition, 3/29/22, §§ 6(A), 6(C). Even if the *dicta* Appellant cites in **Bennett** was relevant, his substantive claims in his petition were not even within the realm of the hypothetical as-applied constitutional claim discussed in that case. Because Appellant was merely concerned with *how* the prior PCRA courts and this Court disposed of his prior PCRA petitions, the claim raised in his petition was never the type of as-applied constitutional challenge even addressed in passing by our Supreme Court in **Bennett**.

Appellant's argument is meritless because the concurring opinion in **Copenhefer** is not binding on us, and **Bennett** does not stand for the proposition that Appellant could evade the jurisdictional time-bar by raising an as-applied constitutional challenge to it. Nor did he present an as-applied constitutional claim of any substance in his instant PCRA petition. In light of this observation, and the fact that a prior panel of this Court has previously rejected an identical claim from Appellant in an unrelated appeal, we conclude that the PCRA court properly dismissed Appellant's third PCRA petition as

untimely where Appellant failed to plead and offer to prove the applicability of any of the statutory time-bar exceptions.

In his second issue, Appellant asserts that the PCRA court erred by denying his request for leave to amend his petition which he included in his response to the PCRA court's Rule 907 dismissal notice. Appellant's Brief at 12-14. He argues that the request for leave should have been liberally granted consistent with the wording of Pa.R.Crim.P. 905(A), and that this Court mistakenly found, in an unpublished memorandum, that the subpart in Pa.R.Crim.P. 905(B), directing a PCRA court to order an amendment when a petition is "defective as originally filed," applies only to "a first-time submitted PCRA petition." Appellant's Brief at 12-13, *discussing Commonwealth v. Benton*, 2023 WL 7402782 (Pa. Super., filed July 25, 2023) (unpublished memorandum). He asserts that, by summarily dismissing his petition without specifically ruling on his request for leave to amend, the PCRA court violated Rule 905 and his due process rights.

Rule 905 governs the amendment of a pending PCRA petition. Rule 905(A) provides: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Rule 905 was created "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003), *citing Commonwealth v.*

***Williams***, 782 A.2d 517, 526-27 (Pa. 2001) (interpreting the predecessor rule to Rule 905 to require the PCRA court to allow amendment of the petition so that the petitioner can make "a sufficient offer … to warrant merits review"). Our Supreme Court has explained that the decision to grant leave to amend a PCRA petition is an act of discretion. ***See Commonwealth v. Crispell***, 193 A.3d 919, 930 (Pa. 2018) ("Pursuant to [Rule 905(A)], PCRA courts are invested with ***discretion*** to permit the amendment of a pending, timely-filed post-conviction petition, which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice.") (emphasis added; citation and quotation marks omitted).

Rule 905(B) adds, in relevant part: "When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa.R.Crim.P. 905(B). This Court previously held that a former, identically worded, rule of criminal procedure applied only to first PCRA petitions, and not serial petitions such as the one at issue. ***See Commonwealth v. Austin***, 721 A.2d 375, 379 (Pa. Super. 1998) (discussing former Rule 1505(b)). In ***Austin***, the petitioner, like Appellant, was appealing the dismissal of an untimely PCRA petition for which no PCRA time-bar exception applied to provide a basis for jurisdiction for substantive review. 721 A.2d at 378. This Court ruled that the precursor rule to Pa.R.Crim.P. 905(B) only applied to first post-conviction petitions and, even assuming *arguendo* that it applied to second or subsequent petitions, it could

not "reasonably be interpreted to require the PCRA court to counsel the *pro se* petitioner on a second PCRA [petition] on substantive matters, or to entitle such petitioner to any relief absent a showing of prejudice." ***Austin***, 721 A.2d at 379. In recent unpublished opinions, this Court has found that Rule 905(B) only applies to first post-conviction petitions consistent with ***Austin***. ***See Benton***, ***supra***, 2023 WL 7402782, *14 ("The amendment provision in Rule 905(B) applies only to a first-time submitted PCRA petition."); ***Commonwealth v. Ford***, 2023 WL 333723, *3 n.5 (Pa. Super., filed Jan. 20, 2023) (memorandum opinion) ("Rule 905(B) did not require the PCRA court to order an amendment of Ford's second, facially untimely petition."); ***Commonwealth v. Jackson***, 2021 WL 5483603, *5 (Pa. Super., filed Nov. 23, 2021) (memorandum opinion) ("Rule 905(B) applies only to a first-time submitted PCRA petition.").

As best as we can discern from Appellant's argument, he appears to be suggesting that the PCRA court abused its discretion by not granting him leave to amend under Rule 905(A) or, in the alternative, erred by not *sua sponte* ordering an amendment under Rule 905(B). As to both subparts of the rule, he fails to demonstrate grounds for further proceedings.

As to Rule 905(A), Appellant fails to establish how a grant of leave to amend his petition would have been in the interest of achieving substantial justice, which is the aim of that subpart of the rule. He acknowledges that he sought an amendment "to include all the facts and legal authorities necessary to support [his] timeliness argument," but, as our above review of his

"timeliness argument" shows, he had no arguable grounds for jurisdiction where he improperly asserted that he did not need to plead and prove the applicability of any of the statutory exceptions to the PCRA's time-bar to achieve review of his substantive claim. In this instance where Appellant was simply arguing for the PCRA court to find an unenumerated equitable exception to the time-bar, contrary to well-established law forbidding the creation of such exceptions, an amendment would not have suited any purpose, let alone substantial justice. We can hardly find that the PCRA court abused its discretion by implicitly denying his request for leave to amend when it dismissed the petition. *See Commonwealth v. Hromek*, 232 A.3d 881, 885 (Pa. Super. 2020), *citing Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("a court's decision to deny an untimely [PCRA] petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception"); *see also Commonwealth v. Williams*, 732 A.2d 1167, 1191-92 (Pa. 1999) (discerning no abuse of PCRA court's discretion in denying leave to amend a petition, under the precursor rule to Rule 905(A), "[g]iven the generality of th[e] claim and the timing of its assertion").

As for an error for the PCRA court not *sua sponte* ordering an amendment under Rule 905(B), Appellant argues that this Court has mistakenly followed *Austin* in our unpublished memoranda by concluding that that subpart of Rule 905 only applies to first PCRA petitions. Appellant's Brief at 13. He characterizes this Court as having been "unsure" of whether the

precursor rule to Rule 905(B) only applied to first post-conviction petitions because, when the **Austin** Court noted that the former rule was only "designed to apply to first post-conviction petitions," it remarked that "[e]ven if [the rule] applied to second and subsequent petition, [the rule could not] reasonably be interpreted to require the PCRA court to counsel the *pro se* petitioner … on substantive matters, or entitle such petitioner to any relief absent a showing of prejudice." **Austin**, 721 A.2d at 379. Appellant also argues that Rule 905(B) must apply to serial petitions because the Supreme Court noted, during its review of a new petition filed without leave of court for amendment to a serial petition, that "it is true that Rule 905 does not explicitly distinguish between initial and serial petitions." Appellant's Brief at 12-13, *citing Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012).

Appellant's arguments concerning Rule 905(B) are unpersuasive. That the **Austin** Court reasoned in the alternative that a PCRA court could not act as an advocate to a *pro se* petitioner or that the petitioner could not prevail on meeting his burden to prove his entitlement to relief did not invalidate its prior conclusion that the precursor rule did not, in fact, apply to serial petitions. Moreover, that the **Porter** Court discussed the applicability of Rule 905(A) to a serial petition and observed that Rule 905 in general does not distinguish the applicability of any parts of the rule between initial and serial petitions, did not overturn the **Austin** Court's finding that the precursor rule to Rule 905(B) did not apply to serial PCRA petitions. In any event, Appellant

fails to demonstrate an abuse of discretion or an error in connection with the

PCRA court's implicit denial of his request for leave to amend.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2024