J-S49039-20

2020 PA Super 283

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY FRAME | : | |
| | : | |
| Appellant | : | No. 146 WDA 2020 |

Appeal from the PCRA Order Entered January 7, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
949 A&B of 1986

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                          FILED DECEMBER 11, 2020

Appellant, Gary Frame, appeals from the order entered in the Court of Common Pleas of Erie County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  He contends his PCRA petition, filed 31 years after his judgment of sentence became final, qualifies for an exception to the PCRA timeliness requirements that vests the PCRA court with jurisdiction to entertain his appeal.  After careful review, we find Appellant's argument is at odds with a recent precedential decision of the Pennsylvania Supreme Court, and for that reason, we affirm.

In 1987, Appellant was tried and convicted of Homicide and Aggravated Assault in a jury trial before the Honorable Shad Connelly.  At the conclusion

_____

[*] Former Justice specially assigned to the Superior Court.

of Appellant's sentencing hearing, Judge Connelly sentenced Appellant to life without the possibility of parole.

Five years earlier, in a previous matter unrelated to Appellant's Homicide/Aggravated Assault case, Appellant had been charged and convicted with Loitering and Prowling, misdemeanors of the third-degree. The prosecutor at the time was then-Assistant District Attorney Shad Connelly. Appellant claims his own youthful indiscretion caused him to openly ridicule and embarrass ADA Connelly after the trial court had admonished the prosecution during that particular trial.

Thirty-one years after Appellant's Homicide/Aggravated Assault judgment of sentence became final,[1] he filed the present PCRA petition, his second, and cites to the United States Supreme Court's decision in Williams v. Pennsylvania, 136 S.Ct. 1899 (2016), which held that Pennsylvania Supreme Court Justice Ron Castille, who as district attorney had given approval to seek the death penalty against defendant Williams, violated due process by failing to recuse himself and participating in the decision to reinstate Williams' death sentence.[2] Appellant claims Judge Connelly similarly

_____

[1] Appellant's direct appeal became final on October 17, 1988, when the United States Supreme Court denied Appellant's Petition for Allowance of Appeal. In 1992, Appellant filed an unsuccessful petition under the former Post Conviction Hearing Act ("PCHA"), 42 Pa.C.S.A. §§ 9541 et seq.

[2] Williams, in pertinent part, held "under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal

- 2 -

violated Appellant's due process rights by not recusing himself given the personal animosity Judge Connelly had allegedly formed during the previous criminal matter. Appellant conceded his petition was patently untimely, but he alleged it qualified for a PCRA timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) (right asserted is a Constitutional right recognized by the United States Supreme Court or Pennsylvania Supreme Court and is intended to be applied retroactively).

The PCRA court issued its Notice of Intent to Dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 and held that Williams did not apply retroactively because the United States Supreme Court did not hold it to do so. See 42 Pa.C.S.A. § 9545(b)(1)(iii) (indicating retroactivity of decision depends upon deciding court to so hold).

The PCRA court further discussed, in the alternative, that even if the Supreme Court intended Williams to apply retroactively, Williams was factually distinguishable from the present matter, for it involved a jurist who previously as D.A. had authorized prosecution of the very death penalty case before him on appeal. In contrast, the PCRA court opined, the trial judge in the case sub judice was no longer in the District Attorney's Office when Appellant's Aggravated Assault/Homicide case arose. Appellant filed pro se Objections to the court's Rule 907 Notice.

_____

involvement as a prosecutor in a critical decision regarding the defendant's case." Id. at 1905.

By its Order of January 7, 2020, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely pro se notice of appeal to this Court and subsequently filed a court-ordered Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

In his Concise Statement, Appellant raised two claims coalescing to assert that he was entitled to appointment of counsel because this was his first petition since the 1995 amendments to the PCRA, and he raised an additional claim asserting that Williams applies retroactively to invalidate his conviction because the trial judge's failure to recuse violated Appellant's due process rights. See Appellant's Concise Statement of Matters Complained of on Appeal, 2/18/20, at 1-2. The PCRA court filed a responsive Rule 1925(a) opinion rejecting both claims.

In Appellant's brief, he abandons his right-to-counsel claim[3] and focuses exclusively on his Williams-based claim in the Statement of Questions Involved, which asks:

_____

[3] "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error sua sponte and remand for the PCRA court to correct that mistake." Commonwealth v. Stossel, 17 A.3d 1286, 1290 (Pa.Super. 2011) (emphasis added). Here, Appellant had no right to appointed counsel for the present PCRA petition, his second. Appellant argued before the PCRA court that he was entitled to appointment of counsel because the present petition was his first since the 1995 amendments to the PCRA. It is well-settled, however, that the statutory right under the 1995 amendments to the appointment of counsel applies only to a first PCRA petition, where the petitioner also satisfies the judge that he is unable to afford or otherwise procure counsel. Commonwealth v. Austin, 721 A.2d 375, 378–79

I.      Should the United States Supreme Court decision in Williams v. Pennsylvania, 136 S.Ct. 1899 (2016), be applied retroactively, thereby satisfying the requirements of 42 Pa.C.S.A. § 9541(b)(1), thereby allowing Appellant to bring his issue of whether Appellant was denied due process when his trial judge failed to recuse himself after prosecuting Appellant in a previous case and having a clear bias, violating the edicts of Williams [ ].

Appellant's brief, at 4.

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. Commonwealth v. Robinson, 575 Pa. 500, 837 A.2d 1157 (2003). The 1995 amendments to the PCRA, which became effective on January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition

_____

(Pa.Super. 1998) (holding PCRA petitioner who filed first PCRA petition in 1988 possessed no right to appointment of counsel for his post-amendments, second PCRA petition filed in 1996).

will be excused. 42 Pa.C.S.A. § 9545(b)(1).  To invoke an exception, a petition

must allege and the petitioner must prove:

(i)      the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, Appellant's PCRA petition is patently untimely, but he

attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii)

relating to a new constitutional right that applies retroactively.  To this effect,

he argues that the United States Supreme Court's 2016 decision in Williams

provides such a retroactive right in his case.  A recent decision handed down

by the Pennsylvania Supreme Court after party briefs and the PCRA court's

opinion were filed in the case sub judice, however, controls this matter to the

demise of Appellant's position.

In Commonwealth v. Reid, ——— Pa. ————, 235 A.3d 1124 (filed

8/18/2020), appellee Reid, a death penalty petitioner, had invoked Williams

in his patently untimely, second PCRA petition seeking reinstatement of his

right to appeal the denial of his first PCRA petition. The second petition claimed that Justice Castille violated Reid's due process rights when he did not recuse himself from hearing Reid's prior PCRA appeal, despite his having been involved in Reid's criminal trial, as then-district attorney, by approving the prosecutor's request to seek the death penalty. The PCRA court granted Reid's petition, and the Commonwealth appealed to the Pennsylvania Supreme Court.

Our Supreme Court concluded the PCRA court, in reinstating Reid's appeal rights, had misapprehended the strict jurisdictional mandates of the PCRA, which left the PCRA court without jurisdiction to consider Reid's untimely and waived due process claims. Specifically, it observed that Williams announces a new rule of constitutional law that is procedural, and not substantive, and thus does not apply retroactively on collateral appeal. The Court explained:

> Nothing in the Williams decision remotely suggests the Court intended for its holding to apply retroactively to cases on collateral appeal, and the mere fact that the due process violation at issue in Williams happened to arise in the context of a PCRA appeal did not somehow render the decision affording Williams relief "collateral" or "retroactive." At this point in time, there is absolutely no basis for concluding Williams announced a new constitutional right that has been held by the United States Supreme Court to apply retroactively to cases on collateral appeal. Accordingly, appellant's petition could not successfully invoke the new constitutional right exception to the PCRA's time bar.

Reid, 235 A.3d at 1155–56.

As Reid controls the issue before us, we apply its rationale to uphold the PCRA court's determination that Appellant's untimely petition fails to invoke an exception to the PCRA time bar. Accordingly, Appellant's appeal affords him no relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020