J-S17034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARYN WARREN | : | |
| | : | |
| Appellant | : | No. 972 EDA 2024 |

Appeal from the PCRA Order Entered March 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007760-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 14, 2025**

Appellant, Jaryn Warren, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant facts of this case as follows:

On April 27th, 2016, at or about 2:00 P.M., [Victim] was approached and assaulted near the intersection of Frankford Avenue and Dyre Streets in the City and County of Philadelphia by four assailants who struck him with a handgun, [punched, and kicked him], causing injuries to various parts of [Victim's] body, including a fracture of the frontal process of the right maxillary bone. During the [a]ssault, the assailants took a medicine vial filled with Xanax that the [Victim] had just filled, his cell phone, jewelry, and sixty or seventy dollars. Following the [a]ssault and [r]obbery, [Victim] saw his assailants run inside a nearby residence, and the Philadelphia Police were summoned. Police Officer Matthew Winscom responded to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

a radio call concerning the [r]obbery and approached the residence where he saw two out of the four assailants attempting to climb out of a third-floor window and ordered these two assailants to go back inside the residence. Once two additional Police Officers arrived, they approached the other two assailants, including Appellant, who they placed inside the Police vehicle.

The Police Officers searched the residence and recovered [Victim's] cell phone, and a handgun under a bathtub. The other two assailants, who had previously attempted to climb out of the third-floor window and flee, were approached again after they entered into another residence by kicking out a window to enter. One of these assailants had [Victim's] medicine vial filled with Xanax in his possession. The Police Officers also confronted [Victim] and asked if he could identify either of the assailants. Appellant was able to identify the two assailants as the two out of the four who had assaulted him earlier that afternoon based on their clothing. Shortly thereafter, [Victim] was taken to a nearby hospital for treatment, where he conceded that because of the passage of time, he could not identify Appellant or any other assailants that had assaulted him.

(PCRA Court Opinion, filed 10/29/24, at 1-2) (internal footnotes omitted).

Procedurally, on January 3, 2018, the court convicted Appellant of aggravated assault, robbery, conspiracy to commit robbery, theft by unlawful taking, possessing instruments of crime, and simple assault. The court sentenced Appellant on March 15, 2018, to an aggregate term of 4 to 8 years' imprisonment, plus 5 years' probation. Appellant did not file a direct appeal.

On March 25, 2019, Appellant filed a PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The court granted

relief on August 13, 2019.[2]  Appellant timely filed a notice of appeal *nunc pro tunc*, challenging the sufficiency and weight of the evidence.[3]  This Court affirmed Appellant's judgment of sentence on September 1, 2020, and our Supreme Court denied allowance of appeal on January 13, 2021.  **See Commonwealth v. Warren**, 240 A.3d 901 (Pa.Super. 2020), *appeal denied*, 664 Pa. 271, 244 A.3d 8 (2021).

On May 5, 2022, Appellant filed the current *pro se* PCRA petition raising a claim of after-discovered evidence.  Notably, Appellant raised the same claim of after-discovered evidence alleged in his earlier PCRA petition that had resulted in the grant of *nunc pro tunc* relief reinstating Appellant's direct appeal rights.  On August 31, 2022, the court appointed PCRA counsel, who filed an amended PCRA petition on January 31, 2023.  Appellant filed a supplemental amended PCRA petition on October 18, 2023.  On March 7, 2024, the court issued notice of its intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P. 907.  On March 28, 2024, the court denied

---

[2] In his petition, Appellant alleged counsel was ineffective for failing to file a requested direct appeal.  Appellant further requested a new trial based on a claim of after-discovered evidence.  Specifically, Appellant claimed he received an affidavit from one of his co-defendants in October 2018, in which the co-defendant averred that Appellant was not present at the time of the crimes at issue and had nothing to do with them.  Based on the court's reinstatement of Appellant's direct appeal rights *nunc pro tunc*, the court did not address the merits of this claim.

[3] Appellant did not raise the claim of after-discovered evidence that he had previously asserted in his *nunc pro tunc* appeal.

PCRA relief. Appellant timely filed a notice of appeal on April 1, 2024. On August 22, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which Appellant timely filed on September 11, 2024.

Appellant raises one issue for our review:

> Whether the PCRA court erred in denying Appellant's PCRA petition based on after-discovered evidence in the form of a sworn affidavit stating Appellant's innocence.

(Appellant's Brief at 7).

Appellant initially acknowledges that his current PCRA petition is facially untimely. Nevertheless, Appellant asserts that he "did not file his *pro se* [PCRA] petition until May 5, 2022, because he was unaware that the claim [of after-discovered evidence] had to be made again and … his prior counsel never informed him of this." (*Id.* at 16). Appellant insists that his current filing is timely "as the issue of the after-discovered evidence presented in the previous counsel's amended PCRA petition on March [25], 2019 … was filed within one year of the sentence judgment becoming final and within one year of [Appellant] learning of the new evidence." (*Id.* at 17). Appellant emphasizes that when the court reinstated his direct appeal rights *nunc pro tunc*, it did not address the merits of his after-discovered evidence claim. Appellant maintains that his co-defendant's affidavit was not available to Appellant at the time of trial because Appellant's co-defendant was tried jointly with Appellant, so the co-defendant had a Fifth Amendment right against self-

incrimination. Appellant highlights that his co-defendant's affidavit states that Appellant was not present during the robbery or assault that took place, which Appellant claims is new evidence that proves his innocence. Appellant contends this evidence will not be used solely to impeach the credibility of a witness but to prove his innocence. Appellant further avers there is a reasonable probability that this new evidence is likely to change the outcome of the case. On these grounds, Appellant submits that he satisfied the "newly-discovered facts" exception to the PCRA's time-bar, and the court should have held an evidentiary hearing for Appellant to demonstrate the merits of his after-discovered evidence claim. Appellant concludes the PCRA court erred by denying his petition as untimely, and we must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of

the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

To obtain relief on a claim of after-discovered evidence under the PCRA, once jurisdiction is established, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007). **See also Commonwealth v. Small**, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial).

Instantly, our Supreme Court denied Appellant's petition for allowance of appeal, following Appellant's *nunc pro tunc* direct appeal, on January 13, 2021.  Thus, Appellant's judgment of sentence became final on April 13, 2021, and he had one year from that date to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1), (3).  **See also** U.S.Sup.Ct.R. 13 (providing 90 days

to file writ of *certiorari* in U.S. Supreme Court). Therefore, Appellant's current PCRA petition, filed on May 5, 2022, is facially untimely.

Notably, neither Appellant's *pro se* nor counseled amended PCRA petition alleged any exception to the PCRA time-bar. Instead, Appellant merely alleged that his current filing was timely because Appellant had already preserved the claim of after-discovered evidence in the earlier PCRA petition that resulted in reinstatement of his direct appeal rights *nunc pro tunc*. (**See** Memorandum of Law in Support of PCRA Petition, filed 1/31/23, at 8). Appellant further claimed that his earlier PCRA petition "was filed within one year of the sentence judgment becoming final and within one year of [Appellant] learning of the new evidence." (**Id.** at 8-9).[4] Likewise, in his supplemental amended PCRA petition, Appellant again asserted that his current PCRA petition should be considered timely because he had already asserted his claim of after-discovered evidence. Additionally, Appellant claimed "he was not aware that the claim had to again be made and that his previous counsel never advised him of this. He claims that he was waiting for a PCRA hearing to be scheduled on his claim and upon learning that his claim again had to be refiled he immediately filed the instant petition."

---

[4] As previously explained, Appellant's judgment of sentence did not become final for purposes of the PCRA until 90 days after our Supreme Court denied his allowance of appeal, upon expiration of Appellant's time to file a petition for writ of *certiorari* with our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3).

(Supplemental Amended PCRA Petition, filed 10/18/23, at 2).[5]

Now, for the first time on appeal, Appellant attempts to invoke the "newly-discovered facts" exception. As Appellant did not plead a timeliness exception before the PCRA court in his *pro se*, amended, or supplemental amended PCRA petition, his reliance on this exception on appeal is waived. *See Commonwealth v. Santiago*, 579 Pa. 46, 855 A.2d 682 (2004) (explaining that claims not raised in PCRA petition cannot be raised for first time on appeal); *Commonwealth v. Burton*, 936 A.2d 521 (Pa.Super. 2007), *appeal denied*, 598 Pa. 786, 959 A.2d 927 (2008) (stating that exceptions to PCRA time-bar must be pled in PCRA petition and may not be raised for first time on appeal).

Moreover, even if Appellant could establish jurisdiction, he would be ineligible for PCRA relief because his underlying after-discovered evidence

_____

[5] The record expressly belies Appellant's claim that prior counsel misadvised Appellant that he did not need to reassert his claim of after-discovered evidence. The record contains a letter from direct appeal counsel dated January 14, 2021, in which counsel informed Appellant that the Supreme Court had denied allowance of appeal. Counsel goes on to inform Appellant that he has 90 days to file a request for review by the U.S. Supreme Court. Counsel further informed Appellant that if he did not pursue relief in the U.S. Supreme Court, he would have one year to file a PCRA petition raising "newly discovered evidence" with the "affidavit that is enclosed" (referring to co-defendant's affidavit). (*See* Letter, dated 1/14/21, at 1). Although counsel misinformed Appellant that he had one year from January 13, 2021 (the date the Supreme Court denied allowance of appeal) to file his PCRA petition, as explained *supra*, Appellant actually had one year from April 13, 2021 to timely file a PCRA petition. Nevertheless, because counsel did not tell Appellant he had longer than he actually did to file the PCRA petition, counsel's misinformation in this regard was harmless.

claim is waived. *See* 42 Pa.C.S.A. § 9543(a)(3) (stating that to be eligible for PCRA relief, petitioner must plead and prove that allegation of error has not been previously litigated or waived). Significantly, Appellant was aware of his co-defendant's affidavit when he filed his prior PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. Once the PCRA court reinstated Appellant's direct appeal rights, however, Appellant did not raise the issue of after-discovered evidence on appeal despite the opportunity to do so. Thus, Appellant's after-discovered evidence claim is waived for purposes of the PCRA. *See* 42 Pa.C.S.A. § 9544(b) (stating that for purposes of PCRA, issue is waived if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in prior state post-conviction proceeding). Therefore, Appellant was not entitled to an evidentiary hearing to prove the merits of his after-discovered evidence claim, and the court properly denied the petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2025