COMMONWEALTH of Pennsylvania, Appellee,

v.

**George E. AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1998.

Filed Nov. 18, 1998.

George E. Austin, appellant, pro se.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOYCE, LALLY–GREEN and BROSKY, JJ.

LALLY–GREEN, J.:

Appellant, George E. Austin, appeals from the order entered May 6, 1997, which denied his second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

Appellant was found guilty by a jury of first-degree murder and criminal conspiracy. He was sentenced to life imprisonment on the murder count and a consecutive term of imprisonment of five (5) to ten (10) years on the conspiracy count. On appeal, this Court affirmed. *Commonwealth v. Austin*, 325 Pa.Super. 588, 473 A.2d 665 (Pa.Super.1984). Our Supreme Court denied *allocatur* on July 2, 1984. *Commonwealth v. Austin*, 208 E.D. Allocatur Docket 1984. The United States Supreme Court denied Appellant's petition for writ of *certiorari* on January 21, 1985. *Austin v. Pennsylvania*, 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 964 (1985).

Appellant filed his first PCRA petition *pro se* on May 5, 1988, and counsel was appointed. On February 15, 1989, the PCRA court dismissed Appellant's petition following an evidentiary hearing, and this Court affirmed

the dismissal. *Commonwealth v. Austin*, 399 Pa.Super. 644, 573 A.2d 1155 (Pa.Super.1990) *appeal denied*, 526 Pa. 627, 584 A.2d 311 (1990).

Appellant filed the current PCRA petition, his second, on January 6, 1997, twelve years after his judgment of sentence became final. Appellant's petition was dismissed by the PCRA court on May 6, 1997 on the grounds that Appellant had failed to set forth a strong *prima facie* showing that a miscarriage of justice occurred pursuant to *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988). This appeal followed.

 Requests for review of a second or subsequent post-conviction petition will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Lawson*, 519 Pa. at 513, 549 A.2d at 112. This standard is met only if petitioner can demonstrate either: a) the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate; or b) he is innocent of the crimes charged. *Commonwealth v. Szuchon*, 534 Pa. 483, 486, 633 A.2d 1098, 1099–1100 (1993).

Two issues appear to be presented for our review: 1) whether the Commonwealth's motion to quash should have been granted because the PCRA court was allegedly without jurisdiction to hear Appellant's petition since it was untimely under the 1995 amendments to the PCRA; and, 2) whether the PCRA court erred in denying a hearing on his petition.

 The Commonwealth argues that we should grant its motion to quash the appeal because the PCRA court was without jurisdiction to hear Appellant's petition, as it was untimely under the 1995 amendments to the PCRA. We recently ruled that we will entertain a timely appeal from a PCRA court's decision respecting untimeliness under the 1995 amendments to the PCRA. *Commonwealth v. Perry*, 716 A.2d 1259 (Pa.Super.1998). We explained in *Perry* that, un-

der *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), the PCRA court is divested of its authority to entertain the PCRA petition only after it has reviewed all three factors in 42 Pa.C.S.A. § 9545(b)(1). *Perry*, 716 A.2d at 1261. Since Appellant took a timely appeal from the PCRA court's denial of his petition,[1] the PCRA court's decision was subject to appellate review according to *Perry*, particularly since the PCRA court denied Appellant's petition on grounds other than the petition was untimely. *Id.* Thus, the motion to quash is denied.

Appellant contends that the PCRA court erred in denying his second PCRA petition without a hearing. He argues that since the PCRA court failed to comply with the requirements of Rule 1505 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 1505, its order was invalid and a hearing was required.

The Commonwealth disagrees, arguing that Appellant's argument is moot because the PCRA court lacked jurisdiction to entertain Appellant's petition because Appellant's petition was untimely once he failed to demonstrate that one of the exceptions listed in 42 Pa.C.S.A. § 9545(b) applied to his petition. Section 9545(b), as amended in 1995,[2] now states:

**(b) Time for filing petition.-**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascer-

---

1. The PCRA court's order was entered on May 6, 1997 and Appellant's notice of appeal was filed May 27, 1997.

2. Act of November 17, 1995, P.L. 1118 No.32 (Spec.Sess.No.1) § 1.

tained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b). *See also*, Pa. R.Crim.P. 1501(a) ("A petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute").

Where a judgment of sentence was final more than one year prior to the effective date of the PCRA, a one-year grace period was available as follows: "[A] petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the amendments." Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). We recently held that the one-year exception only applies to first PCRA petitions. *Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super.1998). *See also, Alcorn*, 703 A.2d at 1057. Thus, a petitioner's first PCRA petition, which would be untimely because it was filed more than one year after the judgment of sentence became final, would

be deemed timely if was filed by January 16, 1997.

■ While Appellant's PCRA petition is governed by § 9545(b), it does not receive the benefit of the grace period because it is a second PCRA petition. Thus, under § 9545(b)(1), Appellant had to file his petition within one year from the date his judgment of sentence became final or demonstrate that an exception applies. According to § 9545(b)(3), Appellant's judgment of sentence became final at the conclusion of direct review and, since his petition for writ of *certiorari* was denied by the United States Supreme Court on January 21, 1985, Appellant's judgment of sentence became final on that date. 42 Pa.C.S.A. § 9545(b)(3). Since Appellant filed his second PCRA petition on January 6, 1997, the petition is untimely unless Appellant demonstrates that he qualified for one of the § 9545(b)(1) exceptions.

■ The record reflects that no exception applies.[3] Appellant has neither alleged nor proven that his delay in raising his current claims was caused by interference by governmental officials. Thus, § 9545(b)(1)(i) is inapplicable. Appellant has neither alleged nor proven that the claims that comprise his current PCRA petition were not known to him or could not have been ascertained by the exercise of due diligence. Thus, § 9545(b)(1)(ii) is inapplicable. Finally, Appellant has neither alleged nor proven that his claims consist of recently-recognized constitutional rights. Thus, § 9545(b)(1)(iii) is inapplicable. Since Appellant's PCRA petition does not fall into any of the exceptions, it is time-barred. Therefore, the PCRA court's order is affirmed on the basis that it lacked jurisdiction to consider the merits of Appellant's petition.

Appellant then argues that, before the PCRA court was deprived of its jurisdiction, it had a duty under Rule 1505 to order the amendment of his petition to eliminate the defects under *Lawson*, 519 Pa. 504, 549 A.2d 107. Rule 1505(b) states:

---

**3.** *In* Appellant's petition and brief, his only substantive complaints concern ineffectiveness of counsel for failing to challenge the competency of a witness who was ill one day at trial and the

Commonwealth's use of peremptory challenges during jury selection, allegedly on the basis of young age.

when a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

Pa.R.Crim.P. 1505. The Comment–1997 accompanying Rule 1505 defines "defective" as intending to include petitions that are:

inadequate, insufficient, or irregular for any reason; for example, petitions that lack particularity; petitions that do not comply substantially with Rule 1502; petitions that appear to be patently frivolous; petitions that do not allege facts which would support relief; petitions that raise issues the defendant . did not preserve properly or were finally determined at prior proceedings.

Pa.R.Crim.P. 1505 cmt.–1997. There appears to be no case law respecting the proper interpretation to be given to this Rule as it affects second PCRA petitions.

■ The plain import of Rule 1505 is that it is designed to apply to first post-conviction petitions, which are now usually counseled.[4] Even if Rule 1505 applies to second and subsequent petitions, it cannot reasonably be interpreted to require the PCRA court to counsel the *pro se* petitioner on a second PCRA on substantive matters, or to entitle such petitioner to any relief absent a showing of prejudice.[5]

This Court recently addressed a similar issue in *Commonwealth v. Anders*, 699 A.2d 1258 (Pa.Super.1997), *appeal granted* 550 Pa. 716, 706 A.2d 1210 (1998), dealing with Pa. R.Crim.P. 1405. That rule states that the sentence in a court case shall be imposed within 60 days of conviction or entry of a guilty or nolo contendere plea. Pa.R.Crim.P. 1405. In determining that discharge was not the proper remedy for a violation of that rule, we found it significant that the rule itself does not provide any remedy for its violation. *Anders*, 699 A.2d at 1262. We further found that, if discharge were the appropriate remedy, our Supreme Court would have so provided when it enacted the rule. *Id.*

■ Here, similarly, Rule 1505 does not provide a remedy for violation, much less the remedy of requiring a hearing on the merits of the PCRA petition. If such were the case, our Supreme Court would have so provided in enacting Rule·1505. *See Anders*, 699 A.2d at 1261. Further, Appellant ignores case law that has developed for analyzing claims of PCRA court error in the context of second or subsequent PCRAs. *See Lawson*, 519 Pa. 504, 549 A.2d 107 and *Szuchon*, 534 Pa. 483, 633 A.2d 1098. Thus, in the absence of a statute or further guidance by our Supreme Court to the contrary, we hesitate to grant relief for an alleged failure to comply with Rule 1505 unless the petitioner demonstrates that such failure causes the type of prejudice set forth in *Lawson* and its progeny. Appellant has made no such demonstration.

For the foregoing reasons, we affirm the PCRA court's denial of Appellant's second PCRA petition.

Order affirmed.

---

4. Appellant had no right to appointed counsel for his second PCRA petition. A defendant does not have a constitutional right to counsel in state collateral proceedings. *Commonwealth v. Beasley*, 544 Pa. 554, 564, 678 A.2d 773, 778 (1996). He has a statutory right under the 1995 amendments to the appointment of counsel for his *first* PCRA petition where he can satisfy the judge that he is unable to afford or otherwise procure counsel. Pa.R.Crim.P. 1504(a). Counsel is to be appointed on a second or subsequent petition when the unrepresented defendant satisfies the judge that he is unable to afford or otherwise procure counsel and an evidentiary hearing is required as provided in Rule 1508. Pa.R.Crim.P. 1504(b).

5. In the context of this second petition, we refer to the prejudice requirements of *Lawson*, 519 Pa. 504, 549 A.2d 107, that an innocent man was convicted or a manifest injustice has occurred.