J-S22034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 2484 EDA 2021 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005080-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 31 EDA 2022 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005081-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEL S. FORD | : | |
| | : | |
| Appellant | : | No. 32 EDA 2022 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005082-2007

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
           v.                          :
                                        :
                                        :
JAMEL FORD                        :
                                        :
           Appellant                :     No. 33 EDA 2022

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002100-2008

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:             **FILED JANUARY 20, 2023**

Jamel S. Ford, a/k/a Jamel Ford ("Ford"), appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely. We affirm.

A detailed summary of facts underlying Ford's convictions is unnecessary to the disposition of this appeal.[2] A jury convicted Ford of first-degree murder, possessing an instrument of crime, attempted murder, two counts of aggravated assault, two counts of witness intimidation, solicitation—murder, and conspiracy—murder at the above four trial dockets. In 2009, the trial court sentenced Ford to an aggregate term of life plus seventy-two-and-

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] This Court previously summarized the full factual history of Ford's convictions in his direct appeal and his first PCRA appeal. **See Commonwealth v. Ford**, 159 A.3d 996, 2016 WL 7103940, at *1-*3 (Pa. Super. 2016) (unpublished memorandum).

one-half to one hundred forty-five years of imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal in 2011. *See Commonwealth v. Ford*, 15 A.3d 542 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 38 A.3d 823 (Pa. 2011). Ford filed a timely first PCRA petition. The PCRA court appointed counsel and subsequently denied relief without a hearing. This Court affirmed the denial of PCRA relief, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Ford*, 159 A.3d 996, 2016 WL 7103940, at *1-*3 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 173 A.3d 264 (Pa. 2017). Ford then sought *habeas corpus* relief in the trial court and the federal court without success.

In September 2020, Ford filed a *pro se* letter in the trial court asserting that the assistant district attorney who prosecuted him ("the prosecutor") had altered the trial transcripts. *See* Letter, 9/10/20, at 2 (unnumbered). Specifically, Ford claimed that the trial transcripts did not reflect that (1) his trial counsel had objected to the admission of crime scene photographs in the killing of Wright; (2) there was an outburst in the audience during the presentation of the crime scene photographs and the trial court gave the audience a warning about further outbursts; (3) an investigator had identified and inculpated Ford's co-defendant rather than Ford; and (4) a victim-eyewitness testified that the murder victim did not like Ford. *See id*. at 2-3 (unnumbered). Ford claimed that he only discovered the alleged alterations

after the federal court had ordered the Commonwealth to provide him copies of the trial transcripts in early 2020. ***See id***. at 3.

The PCRA court determined that Ford's September 2020 letter constituted a second PCRA petition and, pursuant to Pa.R.Crim.P. 907, issued a notice of intent to dismiss the petition as untimely. Ford sought, and the PCRA court granted, an extension of time to respond to the Rule 907 notice. Although Ford alleges that he timely filed several documents in response to the Rule 907 notice, the certified record in these appeals contain no such documents.

The PCRA court dismissed Ford's petition on November 16, 2021, after which Ford filed a "rule to show cause" referring to his alleged response to the PCRA court's Rule 907 notice. Ford then timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Ford raises the following issues for our review:

1. Did the lower court err when it construed [Ford's *p*]*ro se* letter claiming that [the prosecutor] engaged in misconduct by conducting material alterations and elimination of witness testimony from his trial transcripts . . . as an untimely PCRA [petition] . . . when [Ford] clearly satisfied the statutory exceptions in his response and supplemental PCRA petition?

2. Did the lower court err in not complying with Pa.R.Crim.P. 905 when receiving the initial "letter" and instead issuing a Rule 907 notice of intent to dismiss without a hearing?

---

[3] Ford's Rule 1925(b) statement also referred to his alleged response to the Rule 907 notice. ***See*** Rule 1925(b) Statement, 12/9/21, at 1.

3.    Did the lower court err in ultimately dismissing [Ford's] PCRA [petition] . . . without fully complying with the procedural rules of Pa.R.Crim.P. 907 & 908 respectively?

Ford's Brief at 2 (unnecessary capitalization and some italics omitted). Because Ford's issues are related, we address together his assertions that the PCRA court erred in dismissing his petition as untimely.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotation marks omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). *See* 42 Pa.C.S.A. § 9545(b)(1). Pursuant to the governmental interference exception in subsection (b)(1)(i), a petitioner must plead and prove that "but for the interference of a government actor he could not have filed his claim earlier." *Staton*, 184 A.3d at 955 (internal citation and quotation marks omitted). To assert an exception based on a newly discovered fact pursuant to subsection (b)(1)(ii), a petitioner must, *inter alia*, "allege and prove that there were 'facts' that were 'unknown' to him." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). Both the governmental interference and newly discovered facts exceptions require that the petitioner establish his due diligence in discovering the relevant information or fact. *See id*. (discussing the elements of section 9545(b)(1)(ii)); *see also Commonwealth v. Reid*, 235 A.3d 1124, 1149 (Pa. 2020) (noting that section 9545(b)(2) requires a PCRA petition to establish that his claims are based on information that could not have been obtained earlier despite the exercise of due diligence). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citation omitted).

Ford states that there was governmental interference, and he claims that his recent receipt of his trial transcripts revealed newly discovered facts.[4] **See** Ford's Brief at 7-8, 10-11. However, Ford relies on his allegations that he timely responded to the PCRA court's Rule 907 notice and asserted a PCRA time-bar exception. **See id**. at 10-11, 15-16. Ford contends that his response would have established that: since his convictions, he exercised due diligence to obtain a copy of his trial transcripts and protect his own interests; he was unable to obtain his trial transcripts until 2020; and had he not persisted in his attempts to get his trial transcripts, the prosecutor's alterations to the transcripts would not have been discovered. **See id**. at 10-11. Ford further argues that the PCRA court erred by failing to consider his response to the Rule 907 notice, which he attempted to file in compliance with the court's notice. **See id**. at 15-16. He concludes that the PCRA court denied him any opportunity to amend his September 2020 letter to state timeliness exception.[5]

---

[4] Ford does not argue that the PCRA court erred in considering his September 2020 letter as a second, facially untimely PCRA petition, nor would we find any error in the PCRA court's decision. **See Commonwealth v. Tedford**, 960 A.2d 1, 20 (Pa. 2008) (addressing, under the PCRA, a petitioner's claims that inaccuracies in a trial transcript deprived him of meaningful direct appeal review); **see also** 42 Pa.C.S.A. § 9545(b)(1).

[5] We acknowledge Ford's claims that the PCRA court erred by failing to comply with Pa.R.Crim.P. 905, which provides, in relevant part, that when a petitioner files a defective petition "the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." **See** Ford's Brief at 12-13 (quoting
*(Footnote Continued Next Page)*

The PCRA court explained that it dismissed Ford's PCRA petition because the September 2020 letter only alleged that the prosecutor altered the transcript without pleading a timeliness exception. **See** PCRA Court Opinion, 1/21/22, at 6-7 & n.12. The PCRA court concluded that Ford's allegation of the prosecutor's misconduct was "not something that [Ford] could not have known by the exercise of due diligence." **See id**. at 7. The PCRA court, however, did not address Ford's allegations that he attempted to file a response to the court's Rule 907 notice, but concludes that it followed all required procedures to dismiss Ford's untimely petition without a hearing. **See id**. at 8.

Following our review, we affirm the PCRA court's dismissal of Ford's petition on an alternate basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012) (noting that this Court is not bound by the rational of the PCRA court and may affirm on any basis). Initially, Ford did not ensure that the certified record contained a copy of his response to the Rule 907 notice. **See Commonwealth v. Holston**, 211 A.3d 1264, 1275 (Pa. Super. 2019) (noting that our "review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not

Pa.R.Crim.P. 905(B)). However, this Court has held that a former, identically worded, rule of criminal procedure applied only to first PCRA petitions. **See Commonwealth v. Austin**, 721 A.2d 375, 379 (Pa. Super. 1998) (discussing former Rule 1505(b)). In our view, the renumbering of former Rule 1505(b) as current Rule 905(B) in no way diminishes the holding in **Austin** that the requirement to permit an amendment applies only to first time PCRA petitions. Thus, Rule 905(B) did not require the PCRA court to order an amendment of Ford's second, facially untimely petition.

exist for purposes of our review") (internal citation and quotation marks omitted). However, Ford supplied some indications that there was a breakdown in the operation of the court by including in his brief a copy of a prison mail slip indicating that he mailed his response to the PCRA court in a timely fashion. *See* Appendix 2(b) to Ford's Brief. Although we could remand for the PCRA court to determine whether a breakdown had occurred, we decline to so do in this case, as our review of Ford's appellate arguments establishes that a remand would be futile.[6] *See Commonwealth v. Fears*, 624 Pa. 446, 463, 86 A.3d 795, 805 (Pa. 2014) (noting that an appellate court need not remand when a remand would be futile).

Ford's arguments center on his claims that he had been prevented from personally reviewing his trial transcripts, and he alleges that he established his due diligence by documenting his efforts to obtain the trial transcripts from the time of his conviction until early 2020. However, Ford acknowledges that he began to suspect that the trial transcripts were inaccurate or altered shortly after his direct appeal, when his attorney, who also represented Ford at trial, did not challenge the denial of an alleged motion for mistrial lodged after an outburst from the audience. *See* Ford's Brief at 10-11. Ford offers no explanation for why he did not discuss his suspicions or potential claims with either his direct appeal counsel or his counsel for his prior timely PCRA

---

[6] The Commonwealth did not object to Ford's attachment of documents not contained in the record. *See* Commonwealth's Brief at 5, 8-9. To the contrary, the Commonwealth addresses the substance of Ford's assertions in his alleged response to the Rule 907 notice. *See id*. at 8-9.

petition. Had he done so, he or his counsel could have taken steps to litigate his assertion that the transcripts did not reflect what transpired at trial in both an appropriate and timely manner. *Cf*. Pa.R.A.P. 1926 (discussing procedures for correction or modification of the record).

Thus, we conclude that Ford's assertions about the difficulties in obtaining a copy of his trial transcripts do not establish due diligence to protect his rights. *See Brown*, 111 A.3d at 176. Further, because Ford has not demonstrated prejudice due to the PCRA court's failure to consider his alleged response to the Rule 907 notice, we find no reversible error in this appeal. *Cf. Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016) (noting that even a complete failure to issue a Rule 907 is not reversible error where the record is clear that the petition is untimely). For these reasons, we will not disturb the order dismissing Ford's second PRCA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2023