J-S20004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRUCE EDWARD BAINBRIDGE | : | |
| | : | |
| Appellant | : | No. 968 MDA 2024 |

Appeal from the PCRA Order Entered June 18, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-MD-0000419-1979

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRUCE BAINBRIDGE | : | |
| | : | |
| Appellant | : | No. 969 MDA 2024 |

Appeal from the PCRA Order Entered June 18, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-MD-0000445-1979

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 08, 2025**

Appellant, Bruce Edward Bainbridge (aka Bruce Bainbridge), appeals *pro se* from an order entered on June 18, 2024, in the Criminal Division of the Court of Common Pleas of Schuylkill County, that denied his fourth petition for collateral relief, which was filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant background and procedural history of this case is as follows. On January 17, 1980, a jury found Appellant guilty of first-degree murder, criminal attempt, unlicensed concealed carry of a firearm, and two counts each of aggravated assault and recklessly endangering another person (REAP).[1] Thereafter, on January 21, 1980, Appellant received a sentence of life imprisonment. This Court affirmed Appellant's judgment of sentence on May 11, 1984, *see Commonwealth v. Bainbridge*, 476 A.2d 68 (Pa. Super. 1984) (non-precedential decision), and our Supreme Court denied Appellant's petition for allowance of appeal on October 1, 1984. Appellant did not file a petition for a *writ* of *certiorari* with the United States Supreme Court; hence, his judgment of sentence became final on December 31, 1984, when the time for filing such a petition expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Ct. Rule 13(1) (allowing 90 days to file petition for *writ* of *certiorari*).

Appellant filed his first petition for collateral relief pursuant to the Post-Conviction Hearing Act (PCHA) on August 15, 1985. Appellant then filed PCRA petitions on January 7, 2008, March 13, 2013, and his current petition on May 17, 2024. As Appellant did not file the instant PCRA petition (his fourth) until May 17, 2024, it is patently untimely since it was not filed within a year of the date Appellant's judgment of sentence became final. *See* 42

---

[1] *See* 18 Pa.C.S.A. §§ 2502(a), 901, 6106, 2702, and 2705, respectively.

Pa.C.S.A. § 9545(b)(1).[2, 3]  Appellant's claim on appeal is that the PCRA court erred in dismissing his petition as untimely without the benefit of an evidentiary hearing.  *See* Appellant's Brief at 7-13.  More specifically, Appellant alleges that, based upon administrative procedures within the

_____

[2] The one-year grace period adopted with the 1995 amendments to the PCRA do not apply in this case.  As we have previously explained:

> Where a judgment of sentence was final more than one year prior to the effective date of the PCRA, a one-year grace period was available as follows:  "[A] petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's **first** petition was filed within one year of the effective date of the amendments."  Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1).  We recently held that the one-year exception only applies to **first** PCRA petitions.  *Commonwealth v. Thomas*, 718 A.2d 326 (Pa. Super. 1998)[; *see also Commonwealth v. Alcorn*, 703 A.2d 1054, 1057 (Pa. Super. 1997)].  Thus, a petitioner's first PCRA petition, which would be untimely because it was filed more than one year after the judgment of sentence became final, would be deemed timely [only] if was filed by January 16, 1997.

*Commonwealth v. Austin*, 721 A.2d 375, 378 (Pa. Super. 1998) (emphasis added).

While Appellant's PCRA petition here is governed by Section 9545(b), it does not receive the benefit of the grace period because it is a fourth PCRA petition.  Thus, under Section 9545(b)(1), Appellant had to file his petition within one year from the date his judgment of sentence became final or demonstrate that he qualified for one of the exceptions enumerated in Section 9545(b)(1).  As we shall explain above, Appellant has not validly invoked an exception in this case.

[3] On May 29, 2024, shortly after Appellant filed his latest petition for collateral relief, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.  Appellant filed his response on June 14, 2024, and the court dismissed the petition on June 18, 2024.  Appellant filed a timely, *pro se* notice of appeal on July 8, 2024, and both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Pennsylvania Department of Corrections (DOC) – including inadequate law library time and periodic confiscation of inmate property, he validly invoked the governmental interference exception to the PCRA's timeliness requirement, which is set forth at 42 Pa.C.S.A. § 9545(b)(1)(i).[4] ***See*** Appellant's Brief at 21-27.

The record confirms that no exception applies. Appellant has neither alleged nor proven that the delay in raising his current claims was caused by the interference of government officials as contemplated by Section 9545(b)(1)(i). In particular, Appellant fails to plead and prove that DOC's administrative policies or the actions of its personnel relevant to this case violated the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. Thus, Section 9545(b)(1)(i) is inapplicable. Moreover, Appellant has not developed claims alleging application of either the unknown facts exception found at Section 9545(b)(1)(ii) or the newly-recognized constitutional rights exception included at Section 9545(b)(1)(iii). Since Appellant's fourth PCRA petition does not fall into any of the exceptions, it is time-barred. Therefore, the PCRA court's order is

---

[4] In relevant part, the governmental interference timeliness exception states that all PCRA petitions shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i).

affirmed on the basis that the court lacked jurisdiction to consider the merits of Appellant's petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025