J-S41024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIS | : | |
| | : | |
| Appellant | : | No. 1099 EDA 2025 |

Appeal from the PCRA Order Entered March 24, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1114161-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIS | : | |
| | : | |
| Appellant | : | No. 1100 EDA 2025 |

Appeal from the Order Entered March 24, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1111281-1999


BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                      **FILED FEBRUARY 5, 2026**

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-S41024-25

Raheem Willis ("Willis") appeals pro se from the orders[1] entered by the Philadelphia County Court of Common Pleas dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[2] We affirm.

_____

[1] Willis filed separate notices of appeal at each of the above-captioned dockets, appealing orders entered by the lower court on March 24, 2025. On June 11, 2025, at docket number 1100 EDA 2025, this Court ordered Willis to show cause as to why the appeal should not be quashed, as no lower court docket entry indicating an order was entered on March 24, 2025 appeared at lower court docket number CP-51-CR-1111281-1999.

Willis responded, explaining that his convictions at both lower court docket numbers were tried together, stemmed from the same incident, and that when he filed his PCRA petition in the lower court, it contained an incorrect docket number. This Court directed the lower court "to take such actions as deemed necessary to ensure that [Willis'] PCRA petition and the PCRA court's March 24, 2025 order dismissing Appellant's PCRA petition are docketed correctly at the appropriate docket numbers, and that the certified record is accurate based upon these filings." Order, 7/21/2025.

Willis' PCRA petition filed on May 3, 2023 appears in the certified record at lower court docket number CP-51-CR-1114161-1999. In contrast, we are unable to locate in the certified record a corresponding PCRA petition at lower court docket number CP-51-CR-1111281-1999. However, the March 24, 2025 order dismissing Willis' petition appears in the certified record at both docket numbers. The notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure likewise appears at both lower court docket numbers. The orders and Rule 907 notices are identical except that the ones appearing at docket number CP-51-CR-1114161-1999 contain only one docket number (CP-51-CR-1114161-1999), whereas the filings appearing at docket number CP-51-CR-1111281-1999 contain both docket numbers (docket number CP-51-CR-1114161-1999 is typed and docket number CP-51-CR-1111281-1999 is handwritten).

Upon Willis' application, this Court consolidated the above-captioned docket numbers on September 10, 2025. We therefore proceed with our appellate review of the March 24, 2025 orders.

[2] 42 Pa.C.S. §§ 9541-9546.

A prior panel of this Court previously recounted the facts underlying this matter as follows:

> On October 12, 2001, [Willis] was convicted at a bench trial of two counts each of first-degree murder, possession of an instrument of crime, and carrying a firearm on a public street. These convictions stemmed from the June 20, 1999 shooting deaths of Melvin Matthews and Edward Johnson. The court determined that [Willis] shot and killed Mr. Matthews inside a residence located [on] Bucknell Street in Philadelphia. [Willis] then chased Mr. Johnson from the house and into a nearby lot, where he shot and killed him. Ballistics evidence linked [Willis'] gun to the bullets that killed the victims, and witnesses testified that they saw [Willis] with a gun in his hand, fleeing the scene in a car.

*Commonwealth v. Willis*, 1493 EDA 2012, 2013 WL 11253794, at *1 (Pa. Super. filed Sep. 5, 2013) (non-precedential decision) (footnote omitted). Of relevance here, Ms. Romaine Daughtry testified on behalf of the Commonwealth at trial. She testified that she heard gunshots; saw Willis in the doorway of the house and running after Mr. Johnson down the street and into a lot; heard Mr. Johnson say, "Spare my life. You don't have to do this"; heard a gunshot; and saw Willis, with a gun in his hand, running away and get into a car.[3] N.T., 10/11/2001, at 28-33. She also admitted to using drugs and alcohol at the time this happened. *Id.* at 47.

_____

[3] Ms. Daughtry was diagnosed with metastatic cancer in 2001. N.T., 10/11/2001, at 37-38; N.T., 10/1/2001, at 7. Although there was some question as to whether her health condition would prevent her from testifying at trial, she did appear and testify in person during the trial. N.T., 10/11/2001, at 28-54. According to Willis, Ms. Daughtry has since passed away. *See* PCRA Petition, 5/2/2023, at 6, 13 (unpaginated).

The trial court sentenced Willis to two consecutive terms of life in prison. This Court affirmed his judgment of sentence on June 20, 2003, and Willis did not seek review by our Supreme Court. *See Commonwealth v. Willis*, 3488 EDA 2001, 830 A.2d 1055 (Pa. Super. filed Jun. 20, 2003) (non-precedential decision). Willis filed his first PCRA petition on August 26, 2003, which the PCRA court dismissed on February 23, 2005. This Court affirmed on August 14, 2006, and our Supreme Court denied allowance of appeal on May 15, 2007. *See Commonwealth v. Willis*, 977 EDA 2005, 909 A.2d 890 (Pa. Super. filed Aug. 14, 2006) (non-precedential decision), *appeal denied*, 923 A.2d 1174 (Pa. 2007). Willis filed his second PCRA petition on May 9, 2011, which the PCRA court dismissed as untimely on April 20, 2012. This Court affirmed on September 5, 2013, and our Supreme Court denied allowance of appeal on February 20, 2014. *Willis*, 2013 WL 11253794, at *1, *appeal denied*, 86 A.3d 233 (Pa. 2014).

On February 26, 2016, Willis filed a third pro se PCRA petition at lower court docket number CP-51-CR-1111281-1999, and on March 10, 2016, a third pro se PCRA petition at lower court docket number CP-51-CR-1114161-1999. The PCRA court dismissed both petitions as untimely on August 30, 2016 (CP-51-CR-1111281-1999), and October 17, 2016 (CP-51-CR-1114161-1999). This Court affirmed the dismissal of both petitions on July 25, 2017, and our Supreme Court denied allowance of appeal on January 23, 2018. *Commonwealth v. Willis*, 3017 EDA 2016, 2017 WL 3140757, at *1 (Pa.

Super. filed July 25, 2017) (non-precedential decision), *appeal denied*, 179 A.3d 1078 (Pa. 2018).

On May 3, 2023, Willis filed the instant pro se PCRA petition attempting to invoke the newly discovered facts exception to the PCRA's time bar.[4] ***See*** Petition, 5/3/2023, at 1, 4 (unpaginated). First, he asserted that a previously unknown eyewitness, Rhonda Bell, came forward on November 5, 2022 and

_____

[4] ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). To be timely, a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. ***Id.*** § 9545(b). Willis' judgment of sentence became final in July 2003, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. ***See id.*** § 9545(b)(3). Therefore, the instant petition, filed nearly twenty years, is patently untimely.

"Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one of the three statutory exceptions[.]" ***Commonwealth v. Hereford***, 334 A.3d 903, 908 (Pa. Super. 2025) (en banc). The exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Any petition raising one of the above exceptions must be filed within one year of the date the claim could have been presented. ***Id.*** § 9545(b)(2).

- 5 -

was willing to testify that on the night of the shootings, she was on the same block to buy cocaine when she saw two men she knew from the neighborhood, known as "Earn" and "Silk," pull up in a vehicle. *Id.* at 5 (unpaginated). Ms. Bell stated that she was hiding between two cars when she saw "Silk" chase Mr. Matthews down the street shooting at him and then kick the door to the house. *Id.* She then saw "Earn" chase Mr. Johnson down the street to a lot; heard a gunshot; saw "Earn" exit the lot; heard "Earn" tell "Silk" they had to leave; and saw the two men jump back into the same car and drive off. *Id.*

Second, Willis asserted that shortly before February 8, 2023, he learned that before Ms. Daughtry died, she told her son, James Daughtry, that a detective known as "Hurricane" and others coerced her to falsely identify Willis as the shooter at trial in exchange for crack cocaine. *Id.* at 5-6 (unpaginated). Mr. Daughtry also stated that his mother told him that on one occasion, police coerced her as they transported her from her cancer chemotherapy treatment to the courthouse for her testimony. *Id.* Mr. Daughtry further stated that his mother told him that she did not see the shooter's face because a shirt was tied over it. *Id.* Mr. Daughtry indicated his willingness to testify. *Id.* Willis attached to his petition witness statements signed by Ms. Bell and Mr. Daughtry.

On August 12, 2024, Willis filed a pro se document titled "Requisition to Compel."[5] Willis claimed that Hurricane, who he now identified as Detective Mason Foremen, along with first responders at the crime scene, colluded with prosecutors to fabricate evidence. Requisition to Compel, 8/12/2024, ¶ VIII. He claimed that an expert report relating to "ballistics and/or forensic evidence in general" proved Ms. Daughtry's testimony about what she observed that night was impossible and thus fabricated. *Id.*, ¶ XV. Willis also claimed that Detective Foremen was responsible for Ms. Daughtry's death, asserting the detective supplied her with crack cocaine in place of her chemotherapy treatment. *Id.*, ¶¶ IX, XII-XIV. Finally, Willis attempted to claim ineffective assistance of defense counsel for lack of investigation, though he blamed the prosecutor's office for failing to disclose the purported prosecutorial and police misconduct to defense counsel.[6] *Id.* at 6.

---

[5] This document does not appear at lower court docket number CP-51-CR-1111281-1999. *See supra*, note 1.

[6] We note that "Rule 905 amendments are not 'self-authorizing' such that a petitioner may simply 'amend' a pending petition with a supplemental pleading," but rather are "permitted only by direction or leave of the PCRA court." *Commonwealth v. Mason*, 130 A.3d 601, 621 n.19 (Pa. 2015) (citation and some quotation marks omitted); *see also* Pa.R.Crim.P. 905; *infra*, note 8. There is no indication in the record that Willis requested the PCRA court consider his "Requisition to Compel" filing as an amendment to his May 3, 2023 PCRA petition or that the PCRA court explicitly granted leave to amend. Nonetheless, the PCRA court referenced and addressed the August 12, 2024 filing in its Rule 907 notice. *See* Rule 907 Notice, 2/21/2025, at 1, 3 (unpaginated).

On February 21, 2025, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition as untimely. It determined that Willis failed to satisfy the newly discovered facts exception with respect to the statements made by both Ms. Bell and Mr. Daughtry. Regarding Ms. Bell, the PCRA court faulted Willis for not providing a certification of her willingness to testify, which it found rendered her statement insufficient to warrant an evidentiary hearing. Rule 907 Notice, 2/21/2025, at 2 (unpaginated). It also found Willis failed to substantiate the newly discovered purported fact that "Earn" and "Silk" shot Mr. Matthews and Mr. Johnson, citing Ms. Bell's vague identification by only nicknames; her hiding between two vehicles without directly observing the shootings; her failure to indicate whether "Earn" and "Silk" were the only armed persons there; and that she was not a trial witness and had nothing but her statement to connect her to the case. *Id.*

With respect to Mr. Daughtry, the PCRA court determined that Willis could not substantiate the newly discovered purported fact of Ms. Daughtry's recantation because she is deceased and her son's statement constitutes hearsay without an exception. *Id.* Regarding Willis' allegations of collusion between the prosecution and police to coerce and fabricate evidence and induce Ms. Daughtry's death, the PCRA court determined that these claims failed to satisfy either the governmental interference[7] or newly discovered

_____

[7] *See* 42 Pa.C.S. § 9545(b)(1)(i).

facts exceptions. *Id.* at 2-3 (unpaginated). It found Willis failed to argue or establish that government officials interfered with any prior attempt to raise such claims; his claims of prosecutorial and police misconduct relied on bare assertions with vague references to ballistic and forensic evidence; Mr. Daughtry's statement did not reference any collusion between the prosecution and police; and Willis failed to address the due diligence requirement of both exceptions. *Id.*

Willis filed a pro se response on March 3, 2025, in which he asked for reconsideration of the PCRA court's Rule 907 notice, reiterated his request for an evidentiary hearing, and requested the appointment of counsel. Notably, he stated:

> the statements made in the affidavit by [Ms.] Bell was [sic] told to [Willis'] defense attorney[,] Fred Goodmen, Esq.[,] but counsel was reluctant to investigate the matter[,] advising that the court cannot provide Ms. Bell police protection as a defense witness even if she were able to photo identify the []shooters[] 'Earn' and 'Silk'[.]

Response to Rule 907 Notice, 3/3/2025, at 2. Similarly, Willis stated that his former PCRA counsel "had full knowledge of [Mr.] Daughtry's account of police misconduct." *Id.* at 3. He further attempted to raise bald claims of ineffective assistance of trial, appellate, and PCRA counsel for failure to investigate witnesses. *Id.*

On March 24, 2025, he filed a pro se motion for leave to file an amended PCRA petition. On the same date, the PCRA dismissed the petition as untimely without ruling on the motion to amend. These timely-filed appeals followed.

- 9 -

Willis asks us to review the following issues:

1.      Whether the PCRA court erred, and abused its discretion, by failing to comply with the requirements of Pa.R.Crim.P. 905[8]?

2.      Whether the PCRA court erred, and abused its discretion, by failing to comply with the requirements of Pa.R.Crim.P. 904(E)[9]?

Willis' Brief at 4.[10]

_____

[8] Rule 905 of our Rules of Criminal Procedure provides as follows:

(A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice.

(B) When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed.  If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

(C) Upon the entry of an order directing an amendment, the clerk of courts shall serve a copy of the order on the defendant, the defendant's attorney, and the attorney for the Commonwealth.

(D) All amended petitions shall be in writing, shall comply substantially with Rule 902, and shall be filed and served within the time specified by the judge in ordering the amendment.

Pa.R.Crim.P. 905.

[9] Rule 904(E) provides that "[t]he judge shall appoint counsel to represent a defendant whenever the interests of justice require it."  Pa.R.Crim.P. 904(E).

[10] The PCRA court did not order Willis to file a statement of errors complained of on appeal pursuant to Rule 1925(b) of our Rules of Appellate Procedure. Accordingly, the PCRA court's opinion does not address these issues.

"In reviewing the denial of PCRA relief, we are limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Keys**, 328 A.3d 1141, 1145 (Pa. Super. 2024) (citation and quotation marks omitted).

In his first issue, Willis asserts that the PCRA court erred by failing to order him to amend his defective petition pursuant to Rule 905(B), and abused its discretion by failing to rule on his motion for leave to amend his petition pursuant to Rule 905(A). **See** Willis' Brief at 10-21. According to Willis, the PCRA court identified several defects in his petition when it issued its Rule 907 notice of intent to dismiss his petition, yet never ordered him to file an amended petition. **Id.** at 12. He concedes that his PCRA petition pleadings were inadequate and insufficient, but contends that his low IQ requires him to depend on "jailhouse lawyers" who are not educated or trained in the law, and neither he nor his jailhouse lawyer understood how to comply with procedural rules and pleadings requirements. **Id.** at 13-21. He argues that rather than dismissing his petition on procedural grounds, the PCRA court should have afforded him an opportunity to amend the petition to correct any defects. **Id.**

"Rule 905 was created to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." **Keys**, 328 A.3d at 1148 (citation omitted). Under Rule 905(A), a PCRA court's decision to grant leave to amend a PCRA petition is an act of discretion. **Id.**

- 11 -

at 1149 (citation omitted). This Court has held that the identically-worded precursor to current Rule 905(B) of our Rules of Criminal Procedure applies only to first PCRA petitions, not serial petitions. *Id.* (citing *Commonwealth v. Austin*, 721 A.2d 375, 379 (Pa. Super. 1998) (discussing former Rule 1505(b)). As the *Keys* Court explained:

> In *Austin*, the petitioner … was appealing the dismissal of an untimely PCRA petition for which no PCRA time-bar exception applied to provide a basis for jurisdiction for substantive review. 721 A.2d at 378. This Court ruled that the precursor rule to Pa.R.Crim.P. 905(B) only applied to first post-conviction petitions and, even assuming *arguendo* that it applied to second or subsequent petitions, it could not "reasonably be interpreted to require the PCRA court to counsel the *pro se* petitioner on a second PCRA [petition] on substantive matters, or to entitle such petitioner to any relief absent a showing of prejudice." *Austin*, 721 A.2d at 379.

*Id.* *Keys* additionally cited several non-precedential decisions of this Court which determined that Rule 905(B) applies only to first PCRA petitions, consistent with *Austin*. *Id.* (citing *Commonwealth v. Benton*, 303 A.3d 777, *14 (Pa. Super. 2023) (non-precedential decision) ("The amendment provision in Rule 905(B) applies only to a first-time submitted PCRA petition."); *Commonwealth v. Ford*, 292 A.3d 1112, *3 n.5 (Pa. Super. 2023) (non-precedential decision) ("[T]he renumbering of former Rule 1505(b) as current Rule 905(B) in no way diminishes the holding in *Austin* that the requirement to permit an amendment applies only to first time PCRA petitions."); *Commonwealth v. Jackson*, 268 A.3d 449, *5 (Pa. Super.

2021) (non-precedential decision) ("Rule 905(B) applies only to a first-time submitted PCRA petition.").

In **Keys**, the appellant argued that the PCRA court erred by denying his request for leave to amend his serial, untimely PCRA petition, which he included in his response to the PCRA court's Rule 907 notice, or alternatively, by not sua sponte ordering an amendment under Rule 905(B). **Keys**, 328 A.3d at 1148. This Court rejected his argument that **Austin** does not apply to Rule 905(B) and held that he "fail[ed] to demonstrate an abuse of discretion or error in connection with the PCRA court's implicit denial of his request for leave to amend" under Rule 905(A). **Id.** at 1150.

Based on the foregoing, we conclude that the PCRA court was not required to allow amendment of Willis' serial petition and thus, as in **Keys**, did not abuse its discretion in implicitly denying his motion to amend. **See id.** at 1149. Further, the PCRA court determined that Willis failed to plead and prove an exception to the PCRA's time bar. **See** PCRA Court Opinion, 3/24/2025, at 1-4 (unpaginated); Rule 907 Notice, 2/21/2025, at 1-3 (unpaginated). Despite Willis' claim otherwise, the PCRA court did not dismiss his petition solely because of defects—it addressed why his claims did not satisfy an exception to overcome the time bar and therefore concluded that

any amendment would have been futile.[11]  **See id.**  We therefore conclude that this issue merits no relief.

In his second issue, Willis argues that the PCRA court erred in failing to appoint counsel under Rule 904(E).  **See** Willis' Brief at 21-23.  He contends that the "interests of justice" required the appointment of counsel because "Willis, or whoever was helping him, did not understand the statutes, rules, and pleading requirements of the PCRA" and Willis has a low IQ.  **Id.** at 22-23.

"Petitioners generally do not have a constitutional right to the appointment of counsel in PCRA proceedings.  There is, however, a limited rule-based right to counsel set out in Pa.R.Crim.P 904[.]"  **Commonwealth v. Wharton**, 263 A.3d 561, 568 (Pa. 2021).  Of relevance here, the PCRA court may exercise its discretion to appoint counsel for a petitioner "whenever the interests of justice require it."  Pa.R.Crim.P. 904(E); **see also Commonwealth v. Friedland**, 243 A.3d 740, 743 (Pa. Super. 2020) (stating

_____

[11] Although Willis credited "luck" for Ms. Bell and Mr. Daughtry coming forward and claimed "no amount of reasonable diligence could have hastened [his] learning" of their statements, as noted above, he admitted in his response to the Rule 907 dismissal notice that his prior counsel (both trial and prior PCRA counsel) knew about Ms. Bell's and Mr. Daughtry's statements.  **See** PCRA Petition, 5/3/2023, at 8 (unpaginated); Response to Rule 907 Notice, 3/3/2025, at 2-3.  As such, Willis cannot satisfy the due diligence requirement of the newly discovered facts exception to the PCRA time bar in his instant petition.  **See** 42 Pa.C.S. § 9545(b)(1)(ii), (2).

it is within the discretion of the PCRA court to grant or deny a PCRA petitioner's untimely request for counsel during PCRA proceedings).

In requesting counsel, Willis waited to request counsel until after the PCRA court issued notice of its intent to dismiss his petition. *See* Response to Rule 907 Notice, 3/3/2025, at 3. Further, he did not present any reason as to why the interests of justice required the PCRA court to appoint counsel to represent him. *See id.* We discern no abuse of discretion. *Cf. Friedland*, 243 A.3d at 744 (stating a PCRA court may consider the timeliness of a request for counsel and holding it did not err in denying a request for counsel on a first PCRA petition where the petitioner waived his right to counsel after colloquy, litigated his pro se petition, and only sought counsel after the PCRA court issued notice of its intent to dismiss the petition without a hearing).

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/5/2026